KING, APPELLANT, *v.* CROWN CORK & SEAL CO. ET AL., APPELLEES.

(No. WD-81-62—Decided March 12, 1982.)

*Mr. Roger Wood,* for appellant.
*Mr. David F. Wiley,* for appellees.

*Per Curiam.* This cause came on to be heard upon the record in the trial court. Each assignment of error was reviewed by the court and upon review the following disposition made:

Plaintiff-appellant, Gordon L. King, is appealing from a judgment of the Wood County Court of Common Pleas which dismissed his complaint, with prejudice. Appellant filed his complaint against a former employer, defendant-appellee, Crown Cork & Seal Co., C. T. Corp. Systems, agent for Crown Cork & Seal Co. that was later dismissed from the action, and three fellow employees, defendants-appellees, Harold Mayle, plant supervisor, James Davies, industrial relations manager, and Gerald M. Gresko, plant manager.

According to appellant's complaint, appellant had agreed to cooperate with Mayle to facilitate the return of two mercury vapor lights which had been stolen from the plant. Appellant denied taking the lights himself. Appellant met with Mayle in the parking lot at the L & J Hungry Hut Restaurant in Rossford, Ohio, so that appellant could return the lights. While appellant was returning the lights he was photographed by Davies. Appellant then was taken to the conference room of Crown Cork & Seal Co. He talked there with Mayle, Davies and Gresko. At some point in the conversation appellant requested permission to speak with his union representative. Appellees left the room and appellant was joined by his union representative. While they were talking, appellant and the union representative discovered that a tape recorder in the room was recording their conversation. When Gresko was informed about the tape, he ordered that it be destroyed.

Appellant alleged that the unauthorized photography of him in the L & J parking lot and the recording of his conversation with his union representative constituted an invasion of privacy and subjected him to extreme humiliation and ridicule and caused him severe emotional distress. Appellant also alleged that his mental and emotional state caused by the actions of appellees had prevented him from making a knowing and rational decision in resigning his employment with Crown Cork & Seal Co. Appellant requested monetary damages for the invasion of his privacy and his emotional distress, and compensation for his lost wages.

Appellees filed an answer and later filed a motion for summary judgment. Appellees attached an affidavit of Gresko and an affidavit of Davies to their motion for summary judgment. According to Gresko's affidavit, he was unaware that Mayle had taped the meeting in the conference room. On learning from the union steward and the appellant that the meeting had been taped, Gresko immediately destroyed the tape. Davies' affidavit stated he had observed and photographed appellant with Mayle in the park-

ing lot of the L & J Hungry Hut Restaurant in Rossford, Ohio. Appellant filed a memorandum in opposition to appellees' motion for summary judgment, but attached no affidavits to this memorandum.

Appellant's sole assignment of error is:

"The trial court erred in dismissing this cause."

In support of this assignment of error, appellant argues that summary judgment should not have been granted because genuine issues exist as to certain material facts and appellees were not entitled to judgment as a matter of law. We disagree. Our examination of the affidavits submitted by appellees in support of their motion for summary judgment indicates that these affidavits and appellant's pleadings raise no questions of material fact. Appellant failed to file affidavits contradicting appellees' affidavits. Therefore, there was no genuine issue of fact for trial. See Civ. R. 56(E). We also find no error in the trial court's determination that appellees were entitled to summary judgment as a matter of law. In *Housh* v. *Peth* (1956), 165 Ohio St. 35 [59 O.O. 60], paragraph two of the syllabus, the court held as follows regarding actions for invasion of privacy:

"2. An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

Upon our examination of the record we agree with the trial court that appellees' actions complained of by appellant fail to constitute an actionable invasion of appellant's privacy. *Housh* v. *Peth, supra*. This assignment of error is not well taken.

On consideration whereof, this court finds substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Cause remanded to said court for execution of judgment and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

CONNORS, P.J., DOUGLAS and BARBER, JJ., concur.